Tahanie A. Aboushi, Esq. (TA-6529)
The Aboushi Law Firm, PLLC
1441 Broadway, 5th Floor
New York, NY 10018
Telephone: 212.391.8500
Facsimile: 212.391.8508
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   Civil Docket No.

Wael Girgis,

                Plaintiff,   **COMPLAINT**
                JURY TRIAL
                DEMANDED BY
     -against-   PLAINTIFF

Dr. Jay's Inc., Lenox McTagarrt, Jeff Boopnana
and other unknown employees.
                Defendants.
------------------------------------------------------------------------X

Plaintiff, Wael Girgis, ("Girgis") by and through his attorneys, The Aboushi Law Firm, PLLC., as and for its Verified Complaint alleges as follow:

**NATURE OF THIS ACTION**

1. This is an action arising under 42 U.S.C. Section 1981, Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Sec. 2000e, et sec., and for violations of New York State Executive Law and the New York City Administrative Code §8-502 asserting claims for racial and religious discrimination, and retaliation for complaining thereof against Defendants Dr. Jay's Inc. and the individual employees of the corporation.

2. This also is an action to recover monetary damages for the intentional and negligent infliction of emotional distress inflicted upon the Plaintiff by the outrageous conduct that the Defendants have perpetrated against him.

3. Plaintiff seeks compensatory and punitive damages for the Plaintiff in this action for being perpetually subjected to racial and religious discrimination during the entire duration of his employment at Dr. Jay's Inc. This discrimination manifested itself through insults and slurs, inadequate supervision and training, a rate of pay lower than his peers, unjustified suspension, and ultimately, wrongful termination.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1367, and principles of supplemental jurisdiction in that the State and Federal law claims arise from a common nucleus of operative facts.

5. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York.

6. Plaintiff received a dismissal for administrative convenience of his complaint, giving him the right to proceed in federal court.

7. On or about November 28, 2014, Plaintiff filed a complaint with the New York State Division of Human Rights and the Equal Employment Opportunities Commission ("EEOC").

8. On or about June 22, 2015, Plaintiff received a notice of Right to Sue Letter from the EEOC.

9. This action is being brought within ninety (90) days of said Notice of Right to Sue letter.

## PLAINTIFF

10. The Plaintiff in this case is Wael Girgis. Mr. Girgis is an Egyptian-American man of the Christian faith. At all times material, Plaintiff was an employee of Defendant Dr. Jay's, Inc. He was employed from March 21, 2010 until June 11, 2014 as a salesman.

## DEFENDANTS

11. At all times material, Defendant Dr. Jay's Inc. was and is a domestic business corporation duly incorporated under the laws of the State of New York.

12. At all times material, Defendant Lenox McTagarrt was an assistant manager at Dr. Jay's Inc. and was Plaintiff's supervisor or had supervisory authority over Plaintiff.

13. Defendant Jeff Boopnana was a manager at Dr. Jay's Inc. and was Plaintiff's supervisor or had supervisory authority over Plaintiff.

## FACTUAL ALLEGATIONS

14. On several occasions throughout Plaintiff's time as a salesman with Defendant Dr. Jay's Inc., he was ridiculed, insulted and subject to derogatory and racial slurs.

15. Although Plaintiff was hired as a salesman, Defendants McTagarrt and Boopnana forced Plaintiff to clean the restrooms of the store and clean the floors.

16. When Plaintiff told Defendants McTagarrt and Boopnana that he is not supposed to be cleaning the store because he is a salesman, said Defendants told Plaintiff that because he is an Arab and Christian, he should clean the bathrooms.

17. McTagarrt referred to Plaintiff as a "terrorist" and called him a "fucking terrorist" on several occasions in the presence of employees and customers.

18. McTagarrt told Plaintiff to go back to his country on multiple occasions.

19. McTagarrt would scream at Plaintiff on several occasions, that he is a "Fucking Arabic terrorist" and "Fucking Christian."

20. On several occasions McTagarrt would make derogatory remarks regarding Jesus Christ, and made fun of Plaintiff for believing in Jesus Christ.

21. Plaintiff's name is Wael, but McTagarrt and Boopnana referred to Plaintiff by the name "George" because they did not want an "Arabic" name associated with the store.

22. On several occasions Boopnana called Plaintiff an "Arabic Asshole".

23. On several occasions Boopnana told Plaintiff his religion is stupid and the only religion is Hinduism.

24. Plaintiff was the only Christian, Arab employee during this time.

25. Boopnana and McTagarrt would constantly lecture Plaintiff in the presence of other employees that his religion is wrong and he is stupid for following it.

26. Boopnana and McTagarrt called Plaintiff "Yo Arab" in front of employees and customers.

27. McTagarrt and Boopnana, who are Hindu, would constantly tell Plaintiff he should convert to Hinduism because Jesus does not exist.

28. McTagarrt and Boopnana sent another employee named Sandra, to show Plaintiff pictures of Hindu gods and lecture Plaintiff that Jesus is not real.

29. Plaintiff told Boopnana and McTagarrt to stop subjecting him to religious, racial and ethnic slurs on many occasions. Boopnana and McTagarrt refused and instead tag-teamed against Plaintiff.

30. Plaintiff complained to Boopnana and McTagarrt's supervisor named "Abu" on several occasions. Abu refused to get involved to rectify the issue stating, "they are adults and should handle it themselves".

31. Plaintiff was supposed to work 50 hours per week from Monday to and including Saturday. Plaintiff was to have Sunday off so that he can observe religious ceremony at his Church.

32. Boopnana refused to give Plaintiff off on Sunday and forced Plaintiff to work on Sundays.

33. During Christmas and Easter, Defendants refused to give Plaintiff the day off because "those holidays were not real and in America Plaintiff is here to make money not take holidays".

34. Plaintiff requested vacation and time off and was refused whereas other employees were granted the same request for up to 2 (two) weeks off.

35. Other employers were given one (1) week off for sick leave and Plaintiff was not.

36. Plaintiff applied for admission into the Union and McTagarrt and Boopnana refused to submit his application because he is Christian.

37. McTagarrt told Plaintiff, in the presence of employees and on several occasions, that because Plaintiff was not married he must be Gay.

38. Defendants refused to pay Plaintiff his appropriate wages and as a result Plaintiff sued Dr. Jay's Inc., Index No. 005920/2013. Plaintiff settled said lawsuit on or about May of 2014.

39. When Boopnana and McTagarrt became aware of the lawsuit, their racial and religious slurs against Plaintiff increased. Boopnana and McTagarrt would curse at Plaintiff for filing suit including calling Plaintiff "you're a fucking asshole trying to get money, you don't belong here".

40. Thereafter, on several occasions when Plaintiff would show up to work, Boopnana and McTagarrt would lock him outside and not permit him to begin work for several hours. Boopnana and McTagarrt would permit Plaintiff to punch in to work several hours late so that it appeared Plaintiff was not working according to his hours.

41. Boopnana and McTagarrt continued to berate Plaintiff referring to him as a "Christian Asshole" and "Terrorist".

## AS A FIRST CAUSE OF ACTION
## TITLE VII- DISCRIMINATION

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "41" as more fully set forth therein.

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000 et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, religion and national origin.

44. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his race, national origin and religion.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII- RETALIATION

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "44" as more fully set forth therein.

46. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e- 3(a) provides that it shall be unlawful employment practice for an employer to "discriminate against of his employees…because s/he has opposed any practice made an unlawful employment practice by this sub chapter or because s/he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter."

47. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000 et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## 42 U.S.C. §1981

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "47" as more fully set forth therein.

49. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of the 42 U.S.C. Section 1981, protected against discrimination in employment on

the basis of race, religion, and retaliation in that Plaintiff was a member of a recognized and protected group.

50. At all times material hereto, the Defendant was an employer within the meaning of 42 U.S.C. Section 1981 and as such was prohibited from discriminating in employment decisions on the basis of race, religion, and retaliation.

51. Further, Defendants are state actors within the meaning contemplated by 42 U.S.C. Section 1981.

52. Plaintiff was discriminated against because of his race, religion and national origin and has suffered damages as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "52" as more fully set forth therein.

54. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin…alienage or citizenship status of any person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

55. Defendants engaged in unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race, religion, ethnicity and national origin.

## AS A FIFTH CAUSE OF ACTION
## NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "55" as more fully set forth therein.

57. New York City Administrative Code Title 8 §8-107(7) provides that: "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter..."

58. Defendants engaged in unlawful and retaliatory discriminatory practice by retaliating and otherwise discriminating against the Plaintiff, including but not limited to actually or constructively terminating Plaintiff's employment.

## AS A SIXTH CAUSE OF ACTION
## NEW YORK CITY ADMINISTRATIVE CODE
## SUPERVISORY LIABILITY

59. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "58" as more fully set forth therein.

60. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any

provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

1. the employee or agent exercised managerial or supervisory responsibility; or
2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

61. Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION
## NEW YORK STATE LAW
## DISCRIMINATION

62. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "61" as more fully set forth therein.

63. The Defendants discriminated against the Plaintiff on the basis of his race and religion and further retaliated against the Plaintiff in violation of the New York State Human Rights Law, Executive Law Section 296, et. seq. by engaging in a course of conduct and causing professional embarrassment and humiliation.

## AS AN EIGHT CAUSE OF ACTION
## NEW YORK STATE LAW
## RETALIATION

64. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "63" as more fully set forth therein.

65. Defendants engaged in unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against Plaintiff because of his opposition to his employer's unlawful employment practices.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants:

A. Declare Defendant's conduct to be in violation of the statutes and causes of action alleged herein;

B. Awarding Plaintiff damages, retroactive to the date of discharge, for all lost wages and benefits, past and future, back bay and front pay, resulting from Defendants' unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages as a result of Defendants' willful, knowing and intentional violation of the Plaintiff's rights;

E. Award Plaintiff attorney's fees, costs and expenses incurred in the prosecution of the action; and

F. Award Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

The Plaintiff demands that the foregoing causes of action be tried before a jury.

Dated: July 2, 2015

                        Respectfully Submitted,

                        THE ABOUSHI LAW FIRM, PLLC
                        *Attorneys for Plaintiff*
                        1441 Broadway, Suite 5036
                        New York, NY 10018
                        Telephone: (212) 391-8500
                        Facsimile: (212) 391-8508
                        tahanie@aboushi.com


                        By: /s/Tahanie A. Aboushi
                        Tahanie A. Aboushi, Esq (TA-6529)

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.:

I, WAEL GIRGIS, am the Plaintiff in the within action. I have read the foregoing Summons and Complaint and know the contents thereof. The contents of the Summons and Complaint are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
WAEL GIRGIS

Subscribed and sworn to before me
on 7/2, 2015

_____
Notary Public
My commission expires on 2018

TAHANIE A. ABOUSHI
Notary Public, State of New York
No. 02AB6227923
Qualified in Richmond County
Commission Expires September 17, 2018