UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
WAEL GIRGIS,

                Plaintiff,                  **MEMORANDUM & ORDER**

              - against -                     15 CV 3893 (RJD) (JO)

DR. JAY'S INC., LENOX McTAGGART,
JEFF ROOPNARINE, and OTHER
UNKNOWN EMPLOYEES,

                Defendants.
------------------------------------------------------- x

DEARIE, District Judge

      Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Wael Girgis's § 1981 claim, arguing that plaintiff, who identifies himself as "Arab American and African American having been born in Egypt," Amended Complaint at ¶ 10, fails to allege that he was discriminated against on the basis of his race, as opposed to his national origin. See Vill. of Freeport v. Barrella, 814 F.3d 594, 606 (2d Cir. 2016) ("Section 1981 prohibits discrimination on the basis of race but not on the basis of national origin."). The motion is denied because Plaintiff has adequately pled racial discrimination by alleging that he was discriminated against on the basis of his Arab ancestry. See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (holding that a person who is "subjected to intentional discrimination based on the fact that he was born an Arab" may assert a cognizable claim for racial discrimination under Section 1981); see also El Sayed v. Hilton Hotels Corp., No. 07-CV-11173 (DC), 2008 WL 3362828, at *7-8 (S.D.N.Y. Aug. 7, 2008) ("[B]y identifying himself as of 'Egyptian/Arabic descent,' [plaintiff] adequately alleges that he is a member of a racial minority for the purposes of Section 1981.").

      For example, plaintiff alleges that the defendant managers called him a "Fucking Arabic terrorist" and an "Arabic Asshole," and "referred to Plaintiff by the name 'George' because they

did not want an Arabic name associated with the store." Amended Complaint at ¶¶ 18, 20, 21. Plaintiff also alleges that he was forced to clean bathrooms, and when he protested, "Defendants told Plaintiff that because he is an Arab and Christian, he should clean the bathrooms." Id. at ¶ 36. These allegations plainly state a claim for discrimination on the basis of race under § 1981. See Doe v. City of New York, 583 F. Supp. 2d 444, 446 (S.D.N.Y. 2008) (finding allegations that defendant told plaintiff, "All Arabs are animals" sufficient to sustain a § 1981 claim).

Moreover, at this early stage of the litigation, it is not fatal that plaintiff's race-based allegations may overlap with allegations pertaining to his national origin. See Vill. of Freeport, 814 F.3d at 606 (noting that categories such as race and national origin "are not mutually exclusive" and that "claims based on race and national origin may substantially overlap or even be indistinguishable depending on the specific facts of the case."); see also Delly v. H.I.R.E. Inc., No. 04-CV-1481 (JG), 2004 WL 2297821, at *6 (E.D.N.Y. Oct. 13, 2004) (denying motion to dismiss § 1981 claim and reasoning that "[b]ecause of the often subtle overlap of race and national origin, however, I cannot say, as a matter of law, that some portion of the discrimination that [plaintiff] allegedly faced was not based upon race."). For all the foregoing reasons, defendants' motion to dismiss plaintiff's § 1981 claim is denied.[1]

SO ORDERED.

Dated: Brooklyn, New York
       May 19, 2016

/S/ Raymond J. Dearie
_____

RAYMOND J. DEARIE
United States District Judge

---

[1] At oral argument on April 29, 2016, plaintiff's New York State and City law claims (causes of action four through eight) were dismissed from the bench for the reasons stated on the record.